***********
The Full Commission has reviewed Deputy Commissioner Houser's Opinion and Award based upon the record of the proceedings before Deputy Commissioner Rideout and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the prior Opinion and Award. Accordingly, the Full Commission AFFIRMS, with modifications, the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS *Page 2 
1. The Industrial Commission has jurisdiction of the parties and the subject matter.
2. All parties have been correctly designated and there is no question as to misjoinder or nonjoinder of parties.
3. On 3 April 2006, defendant-employer regularly employed three or more employees.
4. On 3 April 2006, defendant-carrier was the workers' compensation carrier on the risk.
5. On 3 April 2006, an employment relationship existed between defendant-employer and plaintiff-employee.
6. On 3 April 2006, plaintiff was injured by accident arising out of and in the course of his employment with defendant employer.
7. Pursuant to an Industrial Commission Form 60 dated 19 June 2006, and filed with the Industrial Commission on or about 17 July 2006, defendants admitted plaintiff's right to compensation for the injury by accident on 3 April 2006, and paid compensation to plaintiff at a weekly compensation rate of $315.35 beginning on 22 June 2006.
8. On 9 December 2009 Special Deputy Commissioner Emily Baucom ordered plaintiff "to fully comply with all reasonable and prescribed medical and rehabilitation treatment as provided by defendants."
9. Pursuant to an Industrial Commission Form 24 dated 4 March 2010, and filed with the Industrial Commission on or about 5 March 2010, defendants made application to terminate or suspend payment of compensation contending that, "Plaintiff is already under an Order to cooperate." *Page 3 
10. On 7 April 2010 Special Deputy Commissioner Baucom ordered that defendants' Form 24 application was approved and that, "Defendants may suspend payment of compensation from March 5, 2010 until plaintiff's noncompliance with medical treatment ceases", and that "defendants are entitled to suspend plaintiff's temporary total disability compensation from March 5, 2010, the date on which the Form 24 Application was filed until plaintiff's unjustifiable refusal to comply with medical treatment ceases." It was further ordered that, "plaintiff and defendants shall file with the Executive Secretary's Office a statement of compliance with this Order within 30 days of the above-filed date."
11. Pursuant to an Industrial Commission Form 33 dated 12 April 2010, plaintiff requested a de novo
consideration of defendants' Form 24 application.
12. On 5 May 2010, plaintiff filed a Statement of Compliance and requested that plaintiff' ongoing total disability compensation be reinstated.
13. Pursuant to correspondence dated 6 May 2010 defendants filed a response to plaintiff's Statement of Compliance.
14. Pursuant to correspondence dated 12 May 2010, plaintiff replied to defendants' response.
15. Pursuant to an Industrial Commission Form 33R dated 20 May 2010 defendants responded to plaintiff's Industrial Commission Form 33.
16. On 27 May 2010, Executive Secretary Tracey H. Weaver ordered that plaintiff's Motion to reinstate was denied.
17. Pursuant to an Industrial Commission Form 33 dated 1 June 2010, plaintiff requested de novo consideration of plaintiff's motion to reinstate and requested that this latest Form 33 be consolidated with plaintiff's Form 33 dated 12 April 2010. *Page 4 
18. Pursuant to an Industrial Commission Form 33R dated June 3, 2010 defendants responded to plaintiff's second Industrial Commission Form 33.
 *********** EVIDENTIARY MATTERS
At the hearing, plaintiff submitted the following:
 a. An Industrial Commission Form 60 dated 19 June 2006, which was admitted into the record and marked as Plaintiff's Exhibit (1);
 b. Defendants' Industrial Commission Form 24 Application dated 4 March 2010 with attachment, and Plaintiff's Objection to Defendants' Industrial Commission Form 24 dated 19 March 2010 with attachments, which were admitted into the record and marked as Plaintiff's Exhibits (2A) and (2B);
 c. The Administrative Order by Special Deputy Commissioner Emily Baucom dated 7 April 2010 with attachments, which was admitted into the record and marked as Plaintiff's Exhibit (3);
 d. Correspondence from Counsel for Plaintiff to the Industrial Commission dated 1 June 2010 with attachments including and Industrial Commission Form 33, which was admitted into the record and marked as Plaintiff's Exhibit (4);
 e. Correspondence from Counsel for Defendants to the Industrial Commission dated 4 June 2010 with attachments including and Industrial Commission Form 33R, which was admitted into the record and marked as Plaintiff's Exhibit (5);
 f. Correspondence from Counsel for Plaintiff to the Industrial Commission *Page 5 
dated 5 May 2010 with attachments including a Statement of Compliance, and Correspondence from Counsel for Defendants to the Industrial Commission dated 6 May 2010 with attachments, which were admitted into the record and marked as Plaintiff's Exhibits (6A) and (6B);
 g. The Administrative Order by Executive Secretary Tracey H. Weaver dated 27 May 2010 with attachments, which was admitted into the record and marked as Plaintiff's Exhibit (7);
 h. Correspondence from Counsel for Plaintiff to the Industrial Commission dated 1 June 2010 with attachments and including an Industrial Commission Form 33, which was admitted into the record and marked as Plaintiff's Exhibit (8) and;
 i. Correspondence from Counsel for Defendants to the Industrial Commission dated 4 June 2010 with attachments including and Industrial Commission Form 33R, which was admitted into the record and marked as Plaintiff's Exhibit (9).
 *********** ISSUES
Whether plaintiff unjustifiably refused to cooperate with medical treatment such that payments of total disability compensation should be suspended?
 ***********
Given the foregoing stipulations, and based upon the preponderance of the evidence in view of the entire record, the Full Commission enters the following:
 FINDINGS OF FACT *Page 6 
1. On 3 April 2006, plaintiff sustained an admittedly compensable injury by accident arising out of and in the course of his employment with defendant-employer as the result of a motor vehicle accident.
2. Pursuant to an Industrial Commission Form 60, defendants admitted the compensability of plaintiff's 3 April 2006 injury by accident and commenced payments of total disability compensation on 22 June 2006.
3. Plaintiff eventually came under the care and treatment of Dr. Ronald M. Long at Carteret Pain Clinic. Pursuant to Dr. Long's practice, plaintiff signed a narcotic medication agreement with Carteret Pain Clinic on 13 December 2006.
4. Pursuant to the terms of the narcotic medication agreement, plaintiff submitted a urine specimen for drug analysis on 20 October 2009. The results of that analysis were positive for cocaine and negative for Oxycontin and Oxycodone, two narcotic medications which were had been prescribed to plaintiff, and which plaintiff stated he took the day of the test.
5. Thereafter, Dr. Long determined plaintiff's positive drug test for cocaine violated narcotic medication agreement, and therefore, ended his treatment of plaintiff as of 26 October 2009.
6. On 3 November 2009, defendants filed an Industrial Commission Form 24 Application to Terminate or Suspend Payment of Compensation to Plaintiff. On 9 December 2009 Special Deputy Commissioner Emily Baucom filed an Administrative Order disapproving the application because the Industrial Commission had not previously ordered plaintiff to comply with medical treatment. Consequently, plaintiff was ordered to comply fully with all reasonable and prescribed medical and rehabilitative treatment as provided by defendants pursuant to N.C. Gen. Stat. § 97-25. The Order further held that plaintiff's non-compliance with the Order would *Page 7 
serve as reason to suspend payments to him of total disability compensation.
7. On 15 February 2010, plaintiff sought treatment on his own at the emergency department of Carteret General Hospital for his ongoing back pain. At that facility, plaintiff was evaluated by Dr. Michael Hunter Lowry, who was unable to make objective findings regarding plaintiff's back symptoms. Additionally, Dr. Lowry concluded that no additional radiological or other diagnostic studies were warranted for plaintiff's back.
8. As part of his examination of plaintiff, Dr. Lowry requested a urine drug screen which yielded results positive for cocaine, but negative for the prescribed narcotics.
9. Plaintiff contends that he did not unjustifiably refuse to cooperate with medical treatment due to the fact that from 9 December 2009 to 5 March 2010, defendants provided no authorized medical treatment. However, defendants' initial Industrial Commission Form 24 was filed prior to 9 December 2009, on 3 November 2009.
10. Plaintiff was treated by Dr. Billy Huh and at the Duke University Medical Center in 2010 and 2011. A medical record from Duke University Medical Center dated 13 August 2010 explains that plaintiff was "no longer taking opioid medications or abusing substances."
11. Based upon the preponderance of the record in view of the entire record, defendants have produced sufficient evidence upon which to find that plaintiff has unjustifiably refused to comply with medical treatment as evidenced by his use of cocaine, which was contrary to his prescribed medical regimen as of 5 March 2010 until 13 August 2010, at which time it is established that plaintiff had ceased his illegal drug use and was compliant with medical treatment.
 *********** *Page 8 
Given the foregoing stipulations and findings of fact, based upon the preponderance of the record in view of the entire record, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. On 3 April 2006, plaintiff sustained an admittedly compensable injury by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. N.C. Gen. Stat. § 97-25, as amended, provides, "The refusal of the employee to accept any medical compensation when ordered by the Industrial Commission shall bar the employee from further compensation until such refusal ceases. . . ." The language of this statute is specific, and the bar to compensation does not apply unless the employee "refuse[es] . . . to accept any medical, hospital, surgical, or other treatment . . . when ordered by the Commission." Deskins v. Ithaca Industries, Inc.,131 N.C. App. 826, 509 S.E.2d 232 (1998).
3. Based upon the totality of the credible evidence of record, defendants have produced sufficient evidence upon which to conclude that plaintiff, through his illegal drug use and subsequent to an order from the Commission, unjustifiably refused to comply with medical treatment during the period from 5 March 2010 until 13 August 2010, at which time it has been established that plaintiff had ceased his illegal drug use and was compliant with medical treatment. N.C. Gen. Stat. § 97-25. Accordingly, defendants may suspend payments to plaintiff of ongoing total disability compensation during the period from 5 March 2010 until 13 August 2010 at which time it is established that plaintiff had ceased his illegal drug use and was compliant with medical treatment. Id. N.C. Gen. Stat. § 97-29.
 *********** *Page 9 
Given the foregoing stipulations, findings of fact, and conclusions of law, based upon the preponderance of the record in view of the entire record, the Full Commission enters the following:
 AWARD
1. Given plaintiff's repeated use of cocaine which was contrary to his prescribed medical regimen, defendants are entitled to suspend payments to plaintiff of total disability compensation during the period from 5 March 2010 until 13 August 2010.
2. IT IS HEREBY ORDERED that plaintiff shall submit to random drug testing.
3. Plaintiff remains under order of the Commission to comply with reasonable medical treatment.
4. Defendants shall pay the costs.
This the ___ day of _____ 2011.
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/___________________ LINDA CHEATHAM COMMISSIONER *Page 1